*Legal*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN KING PETTUS | : |
| | : CIVIL ACTION |
| v. | : |
| | : |
| CITY OF PHILADELPHIA, CHARLES RAMSEY, : | |
| CAROL O'NEILL, SCOTT BRADEY, | : |
| SHAWN TRUSH, JOE STABB AND | : |
| THREE JOHN DOES AND THREE JANE DOES | : NO. 11-CV-1575 |

FILED
AUG - 5 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY                                              August 5, 2011
UNITED STATES MAGISTRATE JUDGE

In this action brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, Plaintiff Dawn King Pettus ("Plaintiff") brings suit against Defendants City of Philadelphia ("the City"), Charles Ramsey, Carol O'Neill, Scott Bradey, Shawn Trush, Joe Stabb, three John Does and three Jane Does (collectively, "Defendants"). Plaintiff alleges injuries arising out of disciplinary action and discharge from the Philadelphia Police Department, where Plaintiff was employed as a police officer and where Defendant Ramsey was Commissioner and the other named Defendants worked as employees. Presently before the court is Defendants' partial motion to dismiss (Doc. 9) seeking the dismissal of Defendants Bradey, O'Neill, Stabb and Trush, as well as the Fourteenth Amendment due process claims asserted in Plaintiff's Amended Complaint. For the following reasons, I will grant the motion in part and deny it in part.

I.  **FACTS AND PROCEDURAL HISTORY**

I accept as true the following allegations in the amended complaint. Plaintiff was employed beginning in April 1999 as a police officer for the City. See Doc. 8 ¶ 11. Until the events giving rise to her cause of action, Plaintiff had not been disciplined by her employer. Id. ¶ 12. On September 30, 2005, while driving a police patrol vehicle, Plaintiff was struck by another vehicle. Id. ¶ 13. As a result of the collision, Plaintiff suffered a disc injury that prevented her from returning to work. Id. ¶ 14.

Plaintiff applied for and was granted benefits by the City under the Heart and Lung Act (HLA) and Workers' Compensation Act. Doc. 8 ¶ 16. Subsequently, in 2006, the City, Ramsey, and Jane/John Does hired a private detective, who videotaped Plaintiff while exercising.[1] Id. ¶¶ 17-18. Subsequently, Defendants petitioned to terminate Plaintiff's HLA and Workers' Compensation Act benefits and initiated "discipline that lead [sic] to Plaintiff's termination." Id. ¶ 19. Plaintiff filed an answer to the City's petition and testified under oath at HLA and Workers' Compensation Act hearings on November 30, 2006, December 7, 2007, and June 18, 2008. Id. ¶¶ 21-22. Plaintiff testified that her disc injuries had not healed, that she "continue[d] to suffer earning power loss," and that the City, Ramsey or Jane/John Does had not offered her a job. Id. ¶ 23.

---

[1] Plaintiff alleges that Defendants knew she was medically recommended to exercise in preparation for returning to police duty. See Doc. 8 ¶ 20.

2

On May 19, 2008, the Heart and Lung Panel and Workers' Compensation Judge Kelly Melcher denied the City's petition to terminate Plaintiff's benefits. Doc. 8 ¶¶ 26-27. Defendants O'Neill, Ramsey, Trush and Jane/John Does prepared disciplinary action against Plaintiff on March 29, 2009, charging her with lying under oath in the HLA and Workers' Compensation hearings. Id. ¶¶ 28, 34. The Workers' Compensation Appeal Board subsequently affirmed Judge Melcher's decision. Id. ¶¶ 27.

After the City's appeal was denied, Ramsey directed Trush to serve Plaintiff with the disciplinary charge and ordered Plaintiff to appear before a Police Board of Inquiry ("PBI"). Doc. 8 ¶¶ 34-35, 40. Plaintiff appeared before the PBI "while she was still out injury status [sic] and under medication."[2] Id. ¶¶ 35. Ramsey subsequently prepared a notice of thirty-day suspension with intent to dismiss, which Trush served on Plaintiff on January 11, 2011. Id. ¶¶ 37-39, 41-43. The notice advised Plaintiff that she would be dismissed on February 6, 2011, and stated that the reason for Plaintiff's dismissal was "false and deceptive testimony" to the Heart and Lung Panel on December 7, 2007, and June 18, 2008. Id. ¶¶ 41, 43.

On March 7, 2011, Plaintiff commenced this lawsuit against Defendants. See Doc. 1. By order dated March 17, 2011, the case was reassigned from the Honorable John R. Padova to the Honorable Anita B. Brody, and by order dated March 25, 2011, it was reassigned to the Honorable William H. Yohn, Jr. See Docs. 3, 4. Defendants filed a first

---

[2]Plaintiff alleges that police department policy provides that officers are not required to appear before the PBI while on medication. Doc. 8 ¶ 54.

3

partial motion to dismiss on April 12, 2011, and thereafter Plaintiff filed an amended complaint on April 25, 2011. See Docs. 6, 8. Counts one and two allege discriminatory and retaliatory actions in violation of Plaintiff's rights under the First and Fourteenth Amendments and the Equal Protection Clause pursuant to 42 U.S.C. §§ 1983,[3] 1985, and 1986. Count three alleges that these violations were the result of official policy and/or custom. See Monell v. N.Y. City Dept. of Soc. Servs., 436 U.S. 658 (1978).[4]

On April 26, 2011, Defendants filed the present partial motion to dismiss, with prejudice, Defendants Bradey, O'Neill, Stabb and Trush, as well as Plaintiff's Fourteenth Amendment due process claims. See Doc. 9. Plaintiff filed a response in opposition to the motion (Doc. 11), and Defendants filed a supplemental memorandum relying on Borough of Duryea, Pa. v. Guarnieri, __ U.S. __, 131 S. Ct. 2488, 2494 (2011), which the Supreme Court decided shortly after Defendants filed their motion. See Doc. 23. By order dated May 23, 2011, Judge Yohn referred the matter to me for all proceedings upon the consent of the parties. See Docs. 15, 16.

---

[3]Although Plaintiff pled a section 1981 claim in the alternative, see Doc. 8 ¶ 88, the parties correctly address this matter as a section 1983 claim.

[4]Count three alleges, "[t]he retaliation, discrimination and deprivation of rights . . . was pursuant to an official policy and/or custom of *Montgomery County and/or its Office of District Attorney* . . . ." See Doc. 8 ¶ 89 (emphasis added). It appears that Plaintiff's counsel, in the generally praiseworthy interest of efficiency, cut and pasted this from an existing document but neglected to change the defendant's name.

4

## II. STANDARD FOR MOTIONS TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss a claim or claims asserted in a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Thus, a 12(b)(6) motion to dismiss tests the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Although Rule 8 requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley, 355 U.S. at 47), plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Similarly, "naked assertions devoid of further factual enhancement" will not suffice. Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555).

Read together, Twombly and Iqbal provide federal courts a three-part analysis when presented with Rule 12(b)(6) motions.

> To determine the sufficiency of a complaint under the pleading regime established by those cases, a court must take three steps: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify the allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

5

Santiago v. Warminster Twp., 629 F.3d 121, 129-30 (3d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1947-50). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Donnelly v. O'Malley & Langan, P.C., 370 Fed. Appx. 347, 349 (3d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). In making this determination, the court must accept as true any reasonable inferences that may be drawn from plaintiff's allegations, and view those facts and inferences in the light most favorable to plaintiff. See Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Third Circuit has summarized the post-Twombly standard as follows: "'Stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element . . . . This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). "Thus, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 570).

III. **DISCUSSION**

    A. **Defendants Bradey, O'Neill, Stabb and Trush**

Defendants argue that Plaintiff's section 1983 claims against Defendants Bradey, O'Neill, Stabb and Trush must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Doc. 9 at 6-7. Specifically, Defendants argue that

Plaintiff pleads insufficient facts to establish plausible claims against any of these four individual defendants for retaliation or violation of Plaintiff's free speech rights. Id.

"To state a claim against a defendant under section 1983, an individual government defendant must have personal involvement in the alleged wrongdoing." Perano v. Arbaugh, No. 10-1623, 2011 WL 1103885 (E.D. Pa. Mar. 25, 2011) (Gardner, J.) (citing Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)). "Such personal involvement can be shown 'through allegations of personal direction or of actual knowledge and acquiescence.'" Id. (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).[5] Under Rode, a section 1983 defendant must have been personally involved in the alleged harm. Id. at 1207. "As a general matter, a person who fails to act to correct the conduct of someone over whom he or she has no supervisory authority cannot fairly be said to have 'acquiesced' in the latter's conduct." Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir. 1997), overruled in part on other grounds by Burlington N. & Sante Fe Ry. Co. v. White, 548 U.S. 53 (2006).

As to Defendant Stabb, Defendants correctly point out that Plaintiff makes no factual allegation whatsoever against this individual defendant. See Doc. 9 at 6.

---

[5]The court in Perano noted that, in light of the Supreme Court's decision in Iqbal rejecting the theory that a superior could be liable based on knowledge of, and acquiescence in, his subordinate's acts, some courts have questioned whether the "knowledge and acquiescence" standard set out in Rode remains good law. See Perano, 2011 WL 1103885, at *7 (citing Bayer v. Monroe County Children & Youth Serv., 577 F.3d 186, 191 n.5 (3d Cir. 2009); Ramos-Vazquez v. Primecare Med., Inc., 2010 WL 3855546 (E.D. Pa. Sept. 30, 2010) (Rufe, J.)). However, the issue of respondeat superior present in those cases is not present here.

7

Plaintiff's general allegation that "all" defendants acted together for a common purpose is not sufficient to put Stabb on notice of his unlawful conduct. See, e.g., Doc. 9 ¶¶ 19, 20, 49. Therefore, I will grant Defendants' motion with respect to Stabb.

As to Defendants Bradey, O'Neill and Trush, Defendants argue that Plaintiff has failed to state plausible claims against them because the amended complaint fails to allege that they personally directed the alleged unconstitutional acts or that they had actual knowledge or acquiesced in discriminatory or retaliatory acts. See Doc. 9 at 6. The amended complaint alleges that Defendants O'Neill, Ramsey and Trush prepared disciplinary charges against Plaintiff on March 29, 2009, after Plaintiff testified at the benefits hearings but before the City lost its appeal from Judge Melcher's denial of the petition to terminate benefits. Doc. 8 ¶¶ 28, 30. Plaintiff also alleges that Trush and Bradey, under Ramsey's direction, served Plaintiff with the disciplinary charges after the appeal was denied. Id. ¶¶ 34, 40. Further, Plaintiff alleges that O'Neill, Bradey and Trush knew Plaintiff testified at the PBI while on medication which allegedly caused confusion and memory problems, and that Trush served the notices of suspension and termination on Plaintiff. Id. ¶¶ 34-36, 40-43.

Defendants argue that Plaintiff's amended complaint "amount[s] to nothing more than a statement that [these defendants] acted according to the chain of command" in which Defendant Ramsey, the City Police Commissioner, issues the orders which the others followed. Id. at 6-7. Plaintiff counters that Defendants' chain of command argument amounts to a novel defense that is inappropriately asserted in the context of a

8

motion to dismiss. See Doc. 11 at 5. As noted, a plaintiff must allege a defendant's personal involvement. Thus, it has been observed, "[c]ases dismissing complaints for failure to allege personal involvement seem to do so primarily when the allegations only connect an individual to the claim through a chain of command and when there is no allegation of personal knowledge." Carter v. Susquehanna Reg'l Police Dept., No. 08-4764, 2009 WL 1183415, at *6 (E.D. Pa. April 30, 2009) (Pratter, J.) (citing Rode, 845 F.2d at 1207-08; Evancho, 423 F.3d 347, 353).

Plaintiff's allegations that O'Neill and Trush prepared disciplinary charges against Plaintiff but did not serve them until after the City's appeal had been denied, when viewed in a light most favorable to Plaintiff, is sufficient to raise an inference of retaliation. Therefore, I will deny the motion as to Defendants O'Neill and Trush. In contrast, Plaintiff only alleges that Bradey served the charge on Plaintiff pursuant to Defendant Ramsey's orders. In addition, although Plaintiff alleges that all three of these defendants knew that Plaintiff testified before the PBI while under medication, she alleges that Defendant Ramsey alone ordered her to testify. Given Plaintiff's failure to allege that Defendant Bradey acted in any way other than through the chain of command, with no personal knowledge or involvement in ordering Plaintiff's appearance or drafting disciplinary charges against her, I will grant Defendants' motion as to Defendant Bradey.

### B.      Plaintiff's Due Process Claims

Next, Defendants argue that Plaintiff's Fourteenth Amendment due process claims must be dismissed because her factual allegations fail to establish a plausible claim of either a procedural or substantive due process violation. See Doc. 9 at 7-10.

#### 1.      Procedural due process

Defendants argue that no factual allegations in the complaint support Plaintiff's claim that she was denied adequate pre-deprivation processes. See Doc. 9 at 8-9. "The constitutional violation actionable under § 1983 is not complete when the deprivation [of an interest protected by the Due Process Clause] occurs; it is not complete unless and until the State fails to provide due process." Zinermon v. Burch, 494 U.S. 113, 126 (1990). Such process consists of the familiar elements. "The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985).

Here, Defendants argue that Plaintiff's own averments demonstrate that the pre-deprivation process afforded Plaintiff comports with Loudermill. See Doc. 9 at 8. For example, Plaintiff's amended complaint alleges that she was charged with disciplinary violations (Doc. 8 ¶ 40), these were served upon her (id.), she was afforded an opportunity to appear before the PBI (id. ¶ 35), she was suspended and discharged upon completion of the PBI (id.), and the notices of suspension and discharge specifically identified the conduct for which she was discharged (id. ¶¶ 41-43). Plaintiff counters that

10

she does not challenge the pre-deprivation process per se, but rather how the process was applied to her and how it affected her afterward. See Doc. 11 at 9. As Plaintiff rather confusingly explains, "the challenge is to the post deprivation [sic] process; the actual process, which is the PBI process and the process that has a two year Arbitration period." See Doc. 11 at 9.[6] In other words, Plaintiff apparently challenges the post-deprivation, rather than the pre-deprivation, procedural due process. Id. at 8-9.

The Third Circuit has held that "the availability and validity of any pre-deprivation process must be analyzed with reference to the context of the alleged violation and the adequacy of available post-deprivation procedures." Reilly v. City of Atlantic City, 532 F.3d 216, 236 (3d Cir. 2008). In response to Defendants' motion to dismiss, Plaintiff argues that the PBI process is not impartial, that the decision rendered can be ignored by Defendant Ramsey, and that it can take over two years to challenge the decision, during which time Plaintiff would be deprived of her property (that is, her lost benefits). See Doc. 11 at 8-9. However, Plaintiff's amended complaint fails to allege these bases for her claim. See Doc. 8. Plaintiff does not allege that she requested and/or was denied a postponement of the PBI hearing, nor does the amended complaint plead any facts with respect to an appeal process. Plaintiff's allegation that Defendant Ramsey ordered her to appear at the PBI hearing despite knowledge that she was taking medication which caused memory loss and confusion, see id. ¶¶ 35-36, may plausibly indicate a flaw in the

---

[6]This argument is also confusing, insofar as the amended complaint's factual allegations describe the PBI as taking place prior to Plaintiff's termination and consequent deprivation of HLA and Workers' Compensation benefits. See Doc. 8 ¶ 41.

pre-deprivation process, but Plaintiff does not directly make that assertion, and in any event a challenge to the PBI procedure cannot be analyzed except with respect to the availability and adequacy of a post-deprivation appeal process. See Reilly, 532 F. 3d at 236.

Therefore, I will grant Defendants' motion to dismiss Plaintiff's procedural due process claim, with leave to file a second amended complaint containing more specific factual allegations of a procedural due process violation. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ("In civil rights cases district courts must offer amendment – irrespective of whether it is requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); Thomas v. Independence Twp., 463 F.3d 285, 289 (3d Cir. 2006) (court has discretion to direct more specific factual allegations from plaintiff).

### 2. Substantive due process[7]

Defendants also argue that Plaintiff fails to allege conduct to make out a plausible substantive due process claim. See Doc. 9 at 9-10. "To establish a substantive due process claim, a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest

---

[7]Although the amended complaint fails to specify the right regarding which the substantive due process claim is pled, see Doc. 8 ¶ 79, Plaintiff's opposition brief clarifies that "[t]here is no Substantive Due Process [sic] claim pled for the loss of employment. There is one pled for the speech issue." See Doc. 11 at 10. The amended complaint alleges retaliation for exercise of "free speech and/or petition clause activities." Doc. 8 ¶ 63.

12

shocks the conscience." Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008). "[M]erely alleging an improper motive is insufficient, even where the motive is unrelated to the merits of the underlying decision." Id. at 220 (citing United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 400 (3d Cir. 2003)). The courts recognize that these claims exist to protect only fundamental rights from flagrant violations. See Armbruster v. Cavanaugh, 410 Fed. Appx. 564, 567 (3d Cir. 2011) ("Substantive due process is a doctrine reserved for egregious official conduct that touches upon the most fundamental of civil liberties.").

The essence of Plaintiff's substantive due process claim is that, in retaliation for First Amendment Speech and Petition Clause[8] activities in defense of her benefits, Defendants terminated Plaintiff's employment and therefore her benefits. See Doc. 11 at 10-12. Plaintiff contends that Defendant Ramsey (1) ordered Plaintiff to be served with the disciplinary charge of lying under oath in the benefits hearings and (2) prepared a notice of dismissal accusing Plaintiff of "[giving] false and deceptive testimony" even though Plaintiff had "testified truthful [sic] under oath." See Doc. 8 ¶¶ 22-23, 34, 39, 43.

The Supreme Court's recent ruling in Guarnieri is fatal to Plaintiff's substantive due process claim arising from a violation of the First Amendment. There, a police chief filed a grievance challenging his termination, and was later reinstated. When the borough council issued directives instructing him in the performance of his duties and denying him

---

[8]The Petition Clause of the First Amendment "protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." Guarnieri, 131 S. Ct. at 2494.

13

overtime pay, he filed suit alleging that the council acted in retaliation for his protected activity. The Supreme Court reversed the Third Circuit's upholding of the jury's award in the police chief's favor, concluding that the lower courts erred in granting greater protection to the police chief's rights under the Petition Clause than under the Speech Clause. The Court held that "[t]he framework used to govern Speech Clause claims by public employees, when applied to the Petition Clause, will protect both the interests of the government and the First Amendment right." 131 S. Ct. at 2500.

Under the framework applied to speech cases, a public employee must show that she was speaking as a citizen on a matter of public concern, and once such a showing is made, the court must balance that First Amendment interest "against 'the interest of the State, as an employer, in promoting the efficiency of the public services in performs through its employees.'" Guarnieri, 131 S. Ct. at 2493 (quoting Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205, 391 U.S. 563, 568 (1968)). Whether an employee's speech or petition "relates to a matter of public concern will depend on its 'content, form, and context . . . as revealed by the whole record.'" Id. at 2501 (quoting Connick v. Myers, 461 U.S. 138, 147-48 & n.7 (1983)). Although the Supreme Court remanded the matter to the Third Circuit to apply the Pickering and Connick test to the plaintiff's Petition Clause claim, the Court's discussion makes clear that a dispute over the conditions of one's employment will rarely implicate First Amendment concerns. Id. ("The right of a public employee under the Petition Clause is a right to participate as a citizen, through

14

petitioning activity, in the democratic process. It is not a right to transform everyday employment disputes into matters for constitutional litigation in the federal courts.").

The present case concerns administrative hearing testimony affecting Plaintiff's discipline and loss of employment-related benefits. The Supreme Court in Guarnieri explicitly abrogated San Filippo v. Bongiovanni, 30 F.3d 424 (3d Cir. 1994) – relied upon by Plaintiff[9] – which held that the Petition Clause protects public employees against retaliation for filing a lawsuit or grievance, even if it addresses a matter of private concern. See 131 S. Ct. at 2494-95. Similarly, the Supreme Court decision in Guarnieri undermines Plaintiff's reliance on Reilly v. Atlantic City, 532 F.3d 216 (3d Cir. 2008), for the proposition that "all government employee non-official duty speech, and particularly all truthful testimony, before a tribunal is protected citizen speech under the First Amendment." Doc. 11 at 3.

Guarnieri also undermines Plaintiff's reliance on Dooley v. City of Philadelphia, 153 F. Supp.2d 628 (E.D. Pa. 2001). See Doc. 8 ¶ 47; Doc. 11 at 3. Dooley concerned a section 1983 claim brought by a police captain against her employer-city, the police department, and various officials, alleging retaliation for subpoenaed testimony given by the plaintiff at a federal criminal trial involving a former police officer accused of violating a suspect's civil rights. See 153 F. Supp.2d at 641-42. The court allowed the plaintiff's substantive claim to proceed in part because the case involved speech

---

[9]Plaintiff cited San Filippo in his amended complaint, which was filed prior to the Guarnieri decision. See Doc. 8 ¶ 48.

15

concerning a matter of public concern. Id. at 641 (citing Green v. Philadelphia Hous. Auth., 105 F.3d 882, 887 (3d Cir. 1997)). In this respect, the court's ruling in Dooley is consistent with the Supreme Court's later ruling in Guarnieri, although the outcomes were different based on the differing facts.

In contrast to the facts in Dooley, and in similarity to the facts in Guarnieri, there is nothing in Plaintiff's allegations that "transforms" Plaintiff's dispute with her employer over her benefits into a matter for constitutional litigation. Plaintiff was not participating in the democratic process as a citizen, but rather as an employee in defense of her benefits and employment. In the absence of a matter of public concern, she has not stated a claim for a violation of her First Amendment rights.

Even if Plaintiff had sufficiently alleged a protected constitutional right, she has not sufficiently alleged a violation of that right. Plaintiff avers in her amended complaint that white males, including Defendant Trush, previously engaged in "the same conduct the [sic] Ramsey and O'Neill contend warrant discipline and termination" of Plaintiff, specifically giving false testimony. See Doc. 8 ¶¶ 50-51 (citing Bucceroni v. City of Philadelphia, No. 03-6371, 2006 WL 3420298 (E.D. Pa. Nov. 27, 2006)). This averment falls short of supporting a plausible substantive due process claim because, although it suggests disparate treatment for similar conduct, the amended complaint offers no factual support for Plaintiff's contention that Trush committed perjury in that case. Nor does Plaintiff's amended complaint provide factual support for her allegation of an improper motive for her termination. Instead, the amended complaint alleges that the City police

16

department wrongfully concluded that Plaintiff testified untruthfully, and disciplined her as a result. While discipline in the form of termination may be severe, these allegations in the amended complaint do not meet the "shocks the conscience" standard. See Chainey, 523 F.3d at 220; Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 286 (3d Cir. 2004) (stating conduct which shocks the conscience includes corruption or self-dealing, interfering with a constitutionally-protected activity, or bias against an ethnic group).

Therefore, I will grant Defendants' motion to dismiss Plaintiff's substantive due process claim, with leave to file a second amended complaint containing more specific factual allegations of a substantive due process violation. See Thomas, 463 F.3d at 289.

## IV. CONCLUSION

I will grant Defendants' motion to dismiss as to Defendants Bradey and Stabb, but will deny the motion with respect to Defendants O'Neill and Trush. I will also grant Defendants' motion to dismiss Plaintiff's Fourteenth Amendment due process claims. These dismissals will be without prejudice for Plaintiff to file a second amended complaint containing more specific factual allegations of a procedural and/or substantive due process violation. An appropriate Order follows.